# SEALED

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAY 1 9 2009

JOHN F. CORCORAN, CLERK
BY: _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Case No. *1:09CR22* |
| | : | |
| WILLIAM DEEL, JR. | : | Violations: 18 U.S.C. § 2 |
| BOBBY ALLEN HOUSER | : | 18 U.S.C. § 371 |
| TONY CAMPBELL | : | 18 U.S.C. § 844 |
| DAVID MITCHELL | : | 18 U.S.C. § 922 |
| GLEA BROYLES | : | 18 U.S.C. § 1512 |
| JOHN BREWER | : | 18 U.S.C. § 1623 |
| DANNY BAIRD | : | 18 U.S.C. § 2312 |
| ROBERT EDWARDS | : | 18 U.S.C. § 2313 |
| ROY LEE BRACKETT | : | 18 U.S.C. § 2314 |
| ROCKY TRIVETTE | : | 18 U.S.C. § 2315 |
| JIMMY JAMES MILLER | : | 21 U.S.C. § 841 |
| JAMES DOSS | : | 21 U.S.C. § 846 |
| MICHAEL WIDENER | : | |

## INDICTMENT

## INTRODUCTION

The Grand Jury charges that:

1. On or about and between January 2008 and March 2009, BOBBY ALLEN HOUSER, Steven Widener, WILLIAM DEEL, JR., GLEA BROYLES, JOHN BREWER, ROY LEE BRACKETT, ROCKY TRIVETTE, DANNY BAIRD, JAMES DOSS, DAVID MITCHELL, ROBERT EDWARDS, TONY CAMPBELL, and JIMMY JAMES MILLER conspired to commit numerous criminal offenses associated with the theft of property and the business of dealing in stolen property.

2. Beginning on or about January 2008, BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., worked to together to steal heavy construction equipment, farm

*United States v. William Deel, Jr., et. al.*
Page 1 of 31

equipment, automobiles, all terrain vehicles, utility vehicles, lawn mowers, firearms, furniture, and other property from businesses and private citizens in Southwest Virginia, Northeast Tennessee, and West Virginia.

3. Their goal was to sell the stolen property for a profit to one of a number of individuals known to BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR. These individuals, routinely dealt in stolen property and were located in Northeast Tennessee and North Carolina. GLEA BROYLES, JOHN BREWER, ROY LEE BRACKETT, ROCKY TRIVETTE, DANNY BAIRD, and JAMES DOSS, knowing that the property was stolen, would pay BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., a sum of money for the property and would then sell the property for a profit to a number of buyers, who typically knew or had reason to believe the property was stolen.

4. On many occasions, GLEA BROYLES, JOHN BREWER, ROY LEE BRACKETT, ROCKY TRIVETTE, DANNY BAIRD, and JAMES DOSS placed an order with BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., specifically describing the piece of equipment or property a buyer had requested. On these occasions, BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., would specifically seek out the piece of equipment or property ordered by the buyer. Once a suitable piece of equipment or property was located, they would return at a later time and steal the property.

5. In order to effectively conceal the stolen property until it could be sold, BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., utilized the assistance of numerous individuals to both transport and store the stolen property until the property could be sold. These individuals, including DAVID MITCHELL, ROBERT EDWARDS, and others,

*United States v. William Deel, Jr., et. al.*
Page 2 of 31

knew the property they were storing and transporting was stolen and did so in exchange for money, other compensation, or an opportunity to purchase the stolen property at a price significantly less than the value of the property.

6. Two individuals who knew that property they purchased was stolen, and then concealed such fact when confronted by law enforcement, were TONY CAMPBELL and JIMMY MILLLER. TONY CAMPBELL purchased stolen all-terrain vehicles and a stolen backhoe from JOHN BREWER knowing that the property was stolen and concealed the fact that he knew the property was stolen. JIMMY JAMES MILLER purchased a stolen backhoe from ROCKY TRIVETTE knowing that the property was stolen and then concealed the fact that he knew the property was stolen.

7. On numerous occasions, BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., would accept Lortabs, Oxycontin, and other controlled substances from JAMES DOSS, ROBERT EDWARDS, DANNY BAIRD, and others, in lieu of money in exchange for the stolen property. BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., would use the controlled substances or distribute these controlled substances to others.

8. On occasion, WILLIAM DEEL, JR., and others would trade Suboxone and other controlled substances to MICHAEL WIDENER in exchange for stolen automobile parts that MICHAEL WIDENER stole from his employer, an automobile parts store located in Bristol, Tennessee.

9. Concerned about being identified by law enforcement, BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., on two occasions made the decision to destroy motor vehicles they had stolen in order to obstruct any investigation into the thefts. On or about

December 8, 2008, a pickup truck and trailer was stolen from an equipment company in Bristol, Tennessee, in order to tow a trailer with a backhoe stolen on that same day from another equipment company located in Kingsport, Tennessee. The pick-up truck was driven from Tennessee to Abingdon, Virginia, and then to Ryder Church Road, Bristol, Tennessee, where it was destroyed by fire. On or about January 30, 2009, a Ford pick-up truck was stolen from an equipment business in Lebanon, Virginia, in order to transport eight all-terrain vehicles that were also stolen on that same date. The pick-up truck was driven from Lebanon, Virginia, to Tennessee, and then to Paintsville, Kentucky, where it was destroyed by fire in order to obstruct any investigation into the theft.

10. In addition to the other thefts, WILLIAM DEEL, JR., and others stole large quantities of livestock supplies and tools from farm supply stores and hardware stores located in the Western District of Virginia and elsewhere, which they would then sell to GLEA BROYLES and another person known to the grand jury, both of whom owned businesses where they would then resell the property, knowing or having reason to know the property was stolen.

11. The total value of property stolen was in excess of $400,000.00.

## COUNT ONE

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about and between January 2008 and March 2009, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, Steven Widener, WILLIAM DEEL, JR., GLEA

BROYLES, JOHN BREWER, ROY LEE BRACKETT, ROCKY TRIVETTE, DANNY BAIRD, JAMES DOSS, DAVID MITCHELL, ROBERT EDWARDS, TONY CAMPBELL, JIMMY JAMES MILLER, and others known and unknown to the grand jury, conspired to (a) transport in interstate commerce a motor vehicle knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2312; (b) receive, possess, conceal, store, barter, sell, and dispose of any motor vehicle, which has crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313; (c) transport, transmit, and transfer in interstate commerce any goods, wares, and merchandise, of the value of $5,000 or more, which had crossed a State boundary after having been stolen, unlawfully converted or taken, knowing the same to have been stolen, converted or taken by fraud, in violation of Title 18, United States Code, Section 2314; (d) receive, possess, conceal, store, barter, sell, and dispose of any goods, ware, and merchandise of the value of $5,000 or more, knowing the same to have been stolen, unlawfully converted, or taken, in violation of Title 18, United States Code, Section 2315.

3. In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators, committed and caused to be committed overt acts in the Western District of Virginia and elsewhere, including, but not limited to the following:

A)   On or about August 13, 2008, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., stole a Simplicity Lawn Mower, valued at more than $5,000 and a Rader RTV valued at more than $3,000 from a business in Bristol, Tennessee. The Rader RTV was transported to Washington County, Virginia where it was sold to ROBERT EDWARDS.

B)   On or about August 30, 2008, WILLIAM DEEL, JR., stole a John Deere

*United States v. William Deel, Jr., et. al.*
Page 5 of 31

Unitrack End Loader with a value in excess of $10,000 from Washington County, Virginia, and transported it to Sullivan County, Tennessee, where it was sold to ROCKY TRIVETTE who then sold the property to ROY LEE BRACKETT.

C)    On or about September 2008, GLEA BROYLES purchased a Scag Lawnmower valued at approximately $10,000 that had been stolen from Clemson, South Carolina.  GLEA BROYLES received this property at his residence in Washington County, Tennessee.

D)    On or about September 18, 2008, BOBBY ALLEN HOUSER and WILLIAM DEEL, JR. stole two all-terrain vehicles valued at more than $5,000 from a business located on Lee Highway, in Washington County, Virginia.  One all-terrain vehicle was sold to ROY LEE BRACKETT at his residence in Sullivan County, Tennessee.  Another all-terrain vehicle was transported to Burnsville, North Carolina, where it was sold to a person known to the grand jury.

E)    On or about and between October 24, 2008, and October 27, 2008, two Kubota RTV's with a value over $25,000, were stolen from a business located on Lee Highway in Washington County, Virginia, by WILLIAM DEEL, JR., and BOBBY ALLEN HOUSER.  These Kubota RTV's were transported to DANNY BAIRD'S residence in Elizabethton, Tennessee, where they were stored until they were transported to the residence of JAMES DOSS in Bristol, Tennessee and sold to JAMES DOSS for money

and controlled substances.

F)   On or about November 7, 2008, a Claas hay-baler with a value in excess of $23,000 was stolen from Johnson Chapel Road, Bristol, Virginia, by BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR. The hay-baler was transported to Elizabethton, Tennessee, where it was sold to JOHN BREWER.

G)   On or about December 9, 2008, a Ford pick-up truck and trailer were stolen from a business on Highway 11E in Sullivan County, Tennessee, by BOBBY ALLEN HOUSER and Steven Widener. The pick-up truck was driven to Kingsport, Tennessee, where BOBBY ALLEN HOUSER and Steven Widener stole a Kubota Backhoe and Loader with a value in excess of $31,000. All of this property was transported to Abingdon, Virginia, and then to Carter County and Sullivan Counties, Tennessee, with the assistance of WILLIAM DEEL, JR. The Kubota Backhoe and Loader were sold to JOHN BREWER who then sold the Kubota Backhoe and Loader to TONY CAMPBELL.

H)   On or about January 6, 2009, BOBBY ALLEN HOUSER and Steven Widener stole three all-terrain vehicles and a trailer with a value in excess of $9,000, from a business in Wytheville, Virginia. One of the all-terrain vehicles, a Honda 350, was transported to Elizabethton, Tennessee and sold to JOHN BREWER. Another all-terrain vehicle, a green Quad-runner, was transported to Bristol, Tennessee, by Steven Widener and BOBBY ALLEN HOUSER, and traded for a motorcycle and a firearm, a Taurus .44 caliber

magnum pistol, s/n XG200752, which were then transported to Steven Widener's residence in Abingdon, Virginia..

I)   On or about January 10, 2009, BOBBY ALLEN HOUSER and WILLIAM DEEL, JR., stole furniture and appliances with a value in excess of $15,000 from a mobile home retail center located in Washington County, Virginia. The furniture was transported to Bristol, Tennessee.

J)   On or about and between January 30, 2009, and February 2, 2009, BOBBY ALLEN HOUSER, WILLIAM DEEL, JR., and Steven Widener stole eight all-terrain vehicles with a value in excess of $56,000, and a Ford pick-up truck from a business in Lebanon, Virginia. Some of the all-terrain vehicles were transported to Elizabethton, Tennessee where they were stored on JOHN BREWER's property. Some of these all-terrain vehicles were then transported to North Carolina where ROBERT EDWARDS received and stored the all-terrain vehicles.

4. All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The Grand Jury charges that:

1.   The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.   On or about and between December 9, 2008 and December 11, 2008, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, WILLIAM DEEL, JR., and Steven Widener conspired to use fire to commit a felony which may be prosecuted in a court of the United

States, specifically , to maliciously damage and destroy by means of fire a vehicle used in interstate

or foreign commerce or in any activity affecting interstate or foreign commerce, in violation of Title

18, United States Code, Section 844(i).

    3.  In furtherance of the conspiracy and to achieve the objects thereof, the defendants and

their co-conspirators, committed and caused to be committed the following overt acts in the Western

District of Virginia and elsewhere:

        A)    On or about December 9, 2008, a Ford pick-up truck and trailer were stolen
from a business engaged in interstate and foreign commerce on Highway 11E
in Sullivan County, Tennessee by BOBBY ALLEN HOUSER and Steven
Widener.  The pick-up truck traveled to Abingdon, Virginia, and then to
Sullivan County, Tennessee, with the assistance of WILLIAM DEEL, JR.
The pick-up truck was maliciously destroyed by fire in Sullivan County,
Tennessee.

    4.  All in violation of Title 18, United States Code, Section 844(m).

COUNT THREE

The Grand Jury charges that:

    1.  The Introduction is realleged and incorporated by reference into this Count of the

Indictment.

    2.  On or about and between January 30 2009, and February 3, 2009, in the Western District

of Virginia and elsewhere, BOBBY ALLEN HOUSER, WILLIAM DEEL, JR., and Steven Widener

conspired to use fire to commit a felony which may be prosecuted in a court of the United States,

specifically, to maliciously damage and destroy by means of fire a vehicle used in interstate or

foreign commerce or in any activity affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 844(i).

3. In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators, committed and caused to be committed the following overt acts in the Western District of Virginia and elsewhere:

A) On or about and between January 30, 2009, and February 3, 2009, a Ford pick-up truck and was stolen from a business engaged in interstate and foreign commerce Lebanon, Virginia by BOBBY ALLEN HOUSER, WILLIAM DEEL, JR., and Steven Widener. The pick-up truck was subsequently driven to Sullivan County, Tennessee and Paintsville, Kentucky where it was maliciously destroyed by fire.

4. All in violation of Title 18, United States Code, Section 844(m).

<u>COUNT FOUR</u>

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about and between August 13, 2008, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., as principals and aiders and abettors, transported in interstate commerce a motor vehicle, knowing the same to have been stolen.

3. On or about August 13, 2008, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., stole a Rader RTV from a business in Bristol, Tennessee and transported the Rader RTV to Washington County, Virginia.

4. All in violation of Title 18, United States Code, Sections 2 and 2312.

COUNT FIVE

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about August 13, 2008, in the Western District of Virginia and elsewhere, ROBERT EDWARDS, received possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3. On or about August 13, 2008, ROBERT EDWARDS received a Rader RTV at his home in Washington County, Virginia that had been stolen from a business in Bristol, Tennessee, knowing the same to have been stolen.

4. All in violation of Title 18, United States Code, Section 2313(a).

COUNT SIX

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about August 30, 2008, in the Western District of Virginia and elsewhere, WILLIAM DEEL, JR., transported in interstate commerce a motor vehicle, knowing the same to have been stolen.

3. On or about August 30, 2008, WILLIAM DEEL, JR., stole a John Deere Unitrack End Loader from Washington County, Virginia, and transported it to Sullivan County, Tennessee.

4. All in violation of Title 18, United States Code, Section 2312.

*United States v. William Deel, Jr., et. al.*
Page 11 of 31

## COUNT SEVEN

The Grand Jury charges that:

1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.  On or about August 30, 2008, in the Western District of Virginia and elsewhere, ROCKY TRIVETTE, received possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3.  On or about August 30, 2008, ROCKY TRIVETTE received possessed, concealed, stored, sold and disposed of a John Deere Unitrack End Loader that had been stolen in Washington County, Virginia and transported to Sullivan County, Tennessee, knowing the same to have been stolen.

4.  All in violation of Title 18, United States Code, Section 2313(a).

## COUNT EIGHT

The Grand Jury charges that:

1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.  On or about August 30, 2008, in the Western District of Virginia and elsewhere, ROY LEE BRACKETT received possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3.  On or about August 30, 2008, ROY LEE BRACKETT  received possessed, concealed, stored, sold and disposed of a John Deere Unitrack End Loader in Sullivan County, Tennessee that had been stolen in Washington County, Virginia and transported to Sullivan County, Tennessee, knowing the same to have been stolen.

4.  All in violation of Title 18, United States Code, Section 2313(a).

## COUNT NINE

The Grand Jury charges that:

1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.  On or about September 18, 2008, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER and WILLIAM DEEL, JR., as principals and aiders and abettors, transported in interstate commerce a motor vehicle, knowing the same to have been stolen.

3.  On or about September 18, 2008, BOBBY ALLEN HOUSER and WILLIAM DEEL, JR. stole two all-terrain vehicles from a business located on Lee Highway, in Washington County, Virginia.  One all-terrain vehicle was transported to Sullivan County, Tennessee.  The other all-terrain vehicle was transported to Burnsville, North Carolina.

4.  All in violation of Title 18, United States Code, Sections 2 and 2312.

## COUNT TEN

The Grand Jury charges that:

1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.  On or about September 18, 2008, in the Western District of Virginia and elsewhere, ROY LEE BRACKETT, received possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3.  On or about September 18, 2008, ROY LEE BRACKETT received possessed, concealed, stored, sold and disposed of an all-terrain vehicle stolen from Washington County, Virginia, at his

residence in Sullivan County, Tennessee, knowing the same to have been stolen.

    4.  All in violation of Title 18, United States Code, Section 2313(a).

COUNT ELEVEN

The Grand Jury charges that:

    1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

    2.  On or about and between October 24, 2008, and October 27, 2008, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., as principals and aiders and abettors, transported in interstate commerce a motor vehicle, knowing the same to have been stolen.

    3.  On or about and between October 24, 2008, and October 27, 2008, two Kubota RTV's with a value over $25,000, were stolen from a business located on Lee Highway in Washington County, Virginia, by WILLIAM DEEL, JR., and BOBBY ALLEN HOUSER. These Kubotas were transported to Elizabethton, Tennessee.

    4.  All in violation of Title 18, United States Code, Sections 2 and 2312.

COUNT TWELVE

The Grand Jury charges that:

    1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

    2.  On or about and between October 24, 2008, and October 27, 2008, in the Western District of Virginia and elsewhere, DANNY BAIRD received, possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same

*United States v. William Deel, Jr., et. al.*
Page 14 of 31

to have been stolen.

3.  On or about and between October 24, 2008, and October 27, 2008, DANNY BAIRD received, possessed, concealed, stored, sold and disposed of two Kubota RTV's at his home in Elizabethon, Tennessee, that had previously been stolen from a business located on Lee Highway in Washington County, Virginia, knowing the same to have been stolen.

4.  All in violation of Title 18, United States Code, Section 2313(a).

COUNT THIRTEEN

The Grand Jury charges that:

1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about and between October 24, 2008, and October 27, 2008, in the Western District of Virginia and elsewhere, JAMES DOSS, received possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3.  On or about and between October 24, 2008, and October 27, 2008, JAMES DOSS received possessed, concealed, stored, sold and disposed of two Kubota RTV's at his home in Bristol, Tennessee, that had previously been stolen from a business located on Lee Highway in Washington County, Virginia, knowing the same to have been stolen.

4.  All in violation of Title 18, United States Code, Section 2313(a).

COUNT FOURTEEN

The Grand Jury charges that:

1.  The Introduction is realleged and incorporated by reference into this Count of the

*United States v. William Deel, Jr., et. al.*
Page 15 of 31

Indictment.

2.   On or about November 7, 2008, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., as principals and aiders and abettors, transported in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud.

3.   On or about November 7, 2008, a Claas hay-baler, with a value of $5,000 or more, was stolen from Johnson Chapel Road, Bristol, Virginia, by BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., and transported to Elizabethton, Tennessee.

4.   All in violation of Title 18, United States Code, Sections 2 and 2314.

COUNT FIFTEEN

The Grand Jury charges that:

1.   The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.   On or about November 7, 2008, in the Western District of Virginia and elsewhere, JOHN BREWER, received possessed, concealed, stored, sold and disposed of goods, wares, or merchandise of the value of $5,000 or more which had crossed a State boundary after being stolen, converted, or taken, knowing the same to have been stolen, unlawfully converted or taken.

3.   On or about November 7, 2008, JOHN BREWER received possessed, concealed, stored, sold and disposed of a Claas hay-baler with a value in excess of $5,000 in Elizabethton, Tennessee, which had previously been stolen from Johnson Chapel Road, Bristol, Virginia.

4.   All in violation of Title 18, United States Code, Section 2315.

*United States v. William Deel, Jr., et. al.*
Page 16 of 31

<u>COUNT SIXTEEN</u>

The Grand Jury charges that:

1.   The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.   On or about December 9, 2008, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., as principals and aiders and abettors, transported in interstate commerce a motor vehicle, knowing the same to have been stolen.

3.   On or about December 9, 2008, BOBBY ALLEN HOUSER and Steven Widener stole a Ford pick-up truck from a business on Highway 11E in Sullivan County, Tennessee.  The pick-up truck was driven to Kingsport, Tennessee, where BOBBY ALLEN HOUSER and Steven Widener stole a Kubota Backhoe and Loader from a business in Kingsport, Tennessee.  Both of these motor vehicles were transported to Abingdon, Virginia by BOBBY ALLEN HOUSER and Steven Widener. BOBBY ALLEN HOUSER, Steven Widener, and WILLIAM DEEL, JR., then transported the motor vehicles back to Tennessee.

4.   All in violation of Title 18, United States Code, Sections 2 and 2312.

<u>COUNT SEVENTEEN</u>

The Grand Jury charges that:

1.   The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.   On or about December 9, 2008, in the Western District of Virginia and elsewhere, JOHN BREWER, received, possessed, concealed, stored, sold and disposed of a motor vehicle which had

crossed a State boundary after being stolen, knowing the same to have been stolen.

3. On or about December 9, 2008, JOHN BREWER received possessed, concealed, stored, sold and disposed of a Kubota Backhoe in Elizabethton, Tennessee, that had been transported from Abingdon, Virginia to Elizabethton, Tennessee, knowing the same to have been stolen.

4. All in violation of Title 18, United States Code, Section 2313(a).

## COUNT EIGHTEEN

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about December 9, 2008, in the Western District of Virginia and elsewhere, TONY CAMPBELL, received, possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3. On or about December 9, 2008, TONY CAMPBELL received possessed, concealed, stored, sold and disposed of a Kubota Backhoe in Elizabethton, Tennessee, that had been transported from Abingdon, Virginia to Elizabethton, Tennessee, knowing the same to have been stolen.

4. All in violation of Title 18, United States Code, Section 2313(a).

## COUNT NINETEEN

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about January 6, 2008, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER and Steven Widener, as principals and aiders and abettors, transported in

interstate commerce a motor vehicle, knowing the same to have been stolen.

3. On or about January 6, 2009, BOBBY ALLEN HOUSER and Steven Widener stole three all-terrain vehicles, from a business in Wytheville, Virginia and transported the all-terrain vehicles to Abingdon, Virginia. One of the all-terrain vehicles, a Honda 350, was transported to Elizabethton, Tennessee by BOBBY ALLEN HOUSER and Steven Widener. Another all-terrain vehicle, a green Quad-runner, was transported to Bristol, Tennessee by BOBBY ALLEN HOUSER and Steven Widener.

4. All in violation of Title 18, United States Code, Sections 2 and 2312.

## COUNT TWENTY

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about January 6, 2009, in the Western District of Virginia and elsewhere, JOHN BREWER, received, possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3. On or about January 6, 2009, JOHN BREWER received, possessed, concealed, stored, sold and disposed of an all-terrain vehicle in Elizabethton, Tennessee, that had been transported from Abingdon, Virginia to Elizabethton, Tennessee, knowing the same to have been stolen.

4. All in violation of Title 18, United States Code, Section 2313(a).

## COUNT TWENTY-ONE

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the

Indictment.

2. On or about January 10, 2009, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR, as principals and aiders and abettors, transported in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud.

3. On or about January 10, 2009, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., stole furniture and appliances with a value of $5,000 or more from a mobile home retail center located in Washington County, Virginia. The furniture was transported to Bristol, Tennessee by BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR..

4. All in violation of Title 18, United States Code, Sections 2 and 2314.

## COUNT TWENTY-TWO

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about and between January 30, 2009, and February 2, 2009, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., and Steven Widener as principals and aiders and abettors, transported in interstate commerce a motor vehicle, knowing the same to have been stolen.

3. On or about and between January 30, 2009, and February 2, 2009, BOBBY ALLEN HOUSER, and WILLIAM DEEL, JR., and Steven Widener stole eight all-terrain vehicles, and a Ford pick-up truck from a business in Lebanon, Virginia. Some of the all-terrain vehicles were transported to Elizabethton, Tennessee, and the Ford pick-up was transported to Paintsville,

Kentucky.

4. All in violation of Title 18, United States Code, Sections 2 and 2312.

## COUNT TWENTY-THREE

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about and between January 30, 2009, and February 2, 2009, in the Western District of Virginia and elsewhere, JOHN BREWER, received, possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3. On or about January 30, 2009, and February 2, 2009, JOHN BREWER received possessed, concealed, stored, sold and disposed of an all-terrain vehicle in Elizabethton, Tennessee, that had been transported from Lebanon, Virginia to Elizabethton, Tennessee, knowing the same to have been stolen.

4. All in violation of Title 18, United States Code, Section 2313(a).

## COUNT TWENTY-FOUR

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about and between February 2, 2009 and February 10, 2009, in the Western District of Virginia and elsewhere, ROBERT EDWARDS, received possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same

to have been stolen.

3. On or about and between February 2, 2009, and February 10, 2009, ROBERT EDWARDS received possessed, concealed, stored, sold and disposed of an all-terrain vehicle in Ellenboro, North Carolina, that had been transported from Lebanon, Virginia to Ellenboro, North Carolina knowing the same to have been stolen.

4. All in violation of Title 18, United States Code, Section 2313(a).

### COUNT TWENTY-FIVE

The Grand Jury charges that:

1.   The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.  On or about and between February 2, 2009 and February 10, 2009, in the Western District of Virginia and elsewhere, TONY CAMPBELL, received possessed, concealed, stored, sold and disposed of a motor vehicle which had crossed a State boundary after being stolen, knowing the same to have been stolen.

3.  On or about February 2, 2009, and February 10, 2009, TONY CAMPBELL received possessed, concealed, stored, sold and disposed of an all-terrain vehicle in Carter County, Tennessee, that had been transported from Lebanon, Virginia to Carter County, Tennessee, knowing the same to have been stolen.

4.  All in violation of Title 18, United States Code, Section 2313(a).

### COUNT TWENTY-SIX

The Grand Jury charges that:

1.   The Introduction is realleged and incorporated by reference into this Count of the

Indictment.

2.  On or about and between January 1, 2008, and March 30, 2009, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER, WILLIAM DEEL, JR., DAVID MITCHELL, ROBERT EDWARDS, DANNY BAIRD, JAMES DOSS, ROCKY TRIVETTE, and others, known and unknown to the grand jury, conspired to possess with the intent to distribute and distribute Oxycontin (oxycodone), morphine, or their equivalents, Schedule II controlled substances, and Lortab (hydrocodone) and Suboxone (Buprenorphine), or their equivalents, schedule III controlled substances, and marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

3.  All  in violation of Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D).

## COUNT TWENTY-SEVEN

The Grand Jury charges that:

1.  The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.  On or about March 18, 2009, in the Western District of Virginia and elsewhere, MICHAEL WIDENER, while under oath as a witness before a federal Grand Jury in Abingdon, Virginia, a proceeding before and ancillary to the United States District Court for the Western District of Virginia, knowingly made a false material declaration:

3. The grand jury was conducting an investigation to determine whether violations of federal law had been committed, namely, transportation of stolen motor vehicles and stolen property in interstate commerce, in violation of 18 U.S.C. §§ 2312, 2313, 2314, 2315, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.  It was material to the investigation

*United States v. William Deel, Jr., et. al.*
Page 23 of 31

that the grand jury ascertain if MICHAEL WIDENER had knowledge of the exchange of stolen or embezzled property under the control of MICHAEL WIDENER to WILLIAM DEEL, JR., BOBBY ALLEN HOUSER, and others in exchange for controlled substances.

4.  At the time and place alleged, MICHAEL WIDENER, appearing as a witness under oath at a proceeding before the grand jury, knowingly made the following declarations in response to questions (false statements in **bold**):

Q.    How much did you sell this engine to Billy Deel for?

A.    **Three hundred dollars.**

Q.    What else were you supposed to receive for it?

A.    **Nothing.** I didn't get all the money. He gave me a hundred and fifty dollar and I haven't seen him to get the rest since.

Q.    Were you supposed to receive prescription pills for the engine?

A.    **No sir.**

Q.    Do you use prescription pills?

A.    Not now, no, sir.

Q.    When did you stop?

A.    **Year ago.**

································································································

Q.    So it's your testimony you did not trade that engine to Billy Deel for Suboxone pills?

A.    **No sir, I did not.**

*United States v. William Deel, Jr., et. al.*
Page 24 of 31

5.   The aforesaid underscored testimony of MICHAEL WIDENER was false because MICHAEL WIDENER knew that he had agreed to trade an engine to WILLIAM DEEL, JR., in exchange for Suboxone (Buprenorphine), a Schedule III controlled substance.

6.   All in violation of Title 18, United States Code, Section 1623.

### COUNT TWENTY-EIGHT

The Grand Jury charges that:

1.   The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2.   On or about March 18, 2009, in the Western District of Virginia and elsewhere, TONY CAMPBELL, while under oath as a witness before a federal Grand Jury in Abingdon, Virginia, a proceeding before and ancillary to the United States District Court for the Western District of Virginia, knowingly made a false material declaration:

3.   The grand jury was conducting an investigation to determine whether violations of federal law had been committed, namely, transportation of stolen motor vehicles and stolen property in interstate commerce, in violation of 18 U.S.C. §§ 2312, 2313, 2314, 2315, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. It was material to the investigation that the grand jury ascertain if TONY CAMPBELL had purchased stolen motor vehicles and property from JOHN BREWER and the circumstances of those transactions.

4.   At the time and place alleged, TONY CAMPBELL, appearing as a witness under oath at a proceeding before the grand jury, knowingly made the following declarations in response to questions (false statements in **bold**):

Q.      Okay.  You paid how much for it?

*United States v. William Deel, Jr., et. al.*
Page 25 of 31

A.    I give him fifteen hundred at the time and I told him he -- **when I got back**

**from Kentucky, that he was supposed to provide me a bill of sale or a**

**title to it for me to pay him another four thousand dollars or if not, I**

**wanted my four-wheeler or the, my money back and he could have the**

**four-wheeler.**

..............................................

Q.    So now your testimony is that you were gonna pay him a total of fifty-five

hundred dollars for the four-wheeler?

A.    **Yeah, if he supplied the title or bill of sale for it.**

Q.    Well, what if he didn't?

A.    He was --

Q.    Were you just gonna pay him fif--

A.    **He was to give me my money back and I'd give him the four-wheeler**

**back.**

..............................................

Q.    Have you purchased any other equipment from John Brewer?

A.    **Huh-uh.**

Q.    Do you know that, if he's sold any other equipment to anybody else?

A.    **Don't know of any.  That's what I told the detective before.**

Q.    Okay.

A.    **He asked me about different things and I told him I hadn't seen anything**

**else that he had anyway.**

5. The aforesaid underscored testimony of TONY CAMPBELL was false because TONY CAMPBELL knew that he had purchased a stolen four-wheeler from JOHN BREWER for $1,500.00 and that he had also purchased a stolen Kubota back-hoe.

5. All in violation of Title 18, United States Code, Section 1623.

<u>COUNT TWENTY-NINE</u>

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about and between January 2009, in the Western District of Virginia and elsewhere, BOBBY ALLEN HOUSER and Steven Widener, conspired to possess a firearm in or affecting interstate or foreign commerce, after having been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

3. In furtherance of the conspiracy and to achieve the objects thereof, the defendants committed and caused to be committed overt acts in the Western District of Virginia and elsewhere, including, but not limited to the following:

A)      On or about January 6, 2009, BOBBY ALLEN HOUSER and Steven Widener stole three all-terrain vehicles and a trailer with a value in excess of $9,000, from a business in Wytheville, Virginia. One of the all-terrain vehicles, a Honda 350, was transported to Elizabethton, Tennessee and sold to JOHN BREWER. Another all-terrain vehicle, a green Quad-runner, was

transported to Bristol, Tennessee, by Steven Widener and BOBBY ALLEN HOUSER, and traded for a motorcycle and a firearm, a Taurus .44 caliber magnum pistol, s/n XG200752, which were then transported to Steven Widener's residence in Abingdon, Virginia..

4. All in violation of Title 18, United States Code, Section 371.

COUNT THIRTY

The Grand Jury charges that:

1. The Introduction is realleged and incorporated by reference into this Count of the Indictment.

2. On or about May 16, 2009, in the Western District of Virginia and elsewhere, TONY CAMPBELL knowingly used intimidation, threatened, and corruptly persuaded another person, and attempted to do so, with the intent to (a) influence, delay, and prevent the testimony of any person in an official proceeding; and (b) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United Sates of information relating to the commission or possible commissions of a Federal offense.

3. On or about February 2009, federal investigators became involved in an investigation relating to the trafficking of stolen property in Virginia and Tennessee in violation of 18 U.S.C. §§ 2312, 2313, 2314 and 2315.

4. On or about March 18, 2009, TONY CAMPBELL testified before a federal grand jury in the United States District Court of the Western District of Virginia in relation to the investigation of stolen property trafficking.

5. On or about May 16, 2009, TONY CAMPBELL became aware that federal investigators

*United States v. William Deel, Jr., et. al.*
Page 28 of 31

were questioning his associates regarding his possession of stolen property.

6.  On or about May 16, 2009, TONY CAMPBELL placed numerous telephone calls to Person "A", a person known to the grand jury who was cooperating with federal investigators, requesting that Person "A" contact TONY CAMPBELL. Person "A" placed a phone call to TONY CAMPBELL and spoke with TONY CAMPBELL regarding the ongoing federal investigation of stolen property trafficking.  Person "A" knew that TONY CAMPBELL had possessed a stolen backhoe being sought in the investigation.

7. Person "A" questioned TONY CAMPBELL about the whereabouts of the stolen backhoe and stated that its whereabouts needed to be disclosed to law enforcement.  TONY CAMPBELL, upon being questioned regarding the whereabouts of the stolen backhoe, responded to Person "A" with words to the effect of "when I see you, I'll take a four-foot level to your head."

8.  This statement was made with the intent to influence and hinder Person "A"'s testimony in an official proceeding and the reporting of information related to the stolen backhoe to federal investigators.

9.  All in violation of Title 18, United States Code, Section 1512(b)(1) & (3).


## NOTICE OF FORFEITURE

1.  Upon conviction of one or more of the felony offenses alleged in Counts One through Twenty-six and Count Twenty-nine of this Indictment, the defendants shall forfeit to the United States:

> (a)  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to Title 21 United States Code, Section 853(a)(1).

*United States v. William Deel, Jr., et. al.*
Page 29 of 31

(b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to Title 21 United States Code, Section 853(a)(2).

(c) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in Title 21 United States Code, Sections 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to Title 21 U.S.C. Section 881(a)(11) and Title 28 United States Code., Section 2461(c).

(d) any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to Title 18 United States Code, Section 924(d) and Title 28 United States Code, Section 2461(c).

(e) any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of said offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

(f) any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Sections, 982(a)(5)(D) & (E).

2.   The property to be forfeited to the United States **includes but is not limited to** the following property:

> (1)   **Monetary Judgment**
> Not less than $400,000 in U.S. Currency, and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property

> (2)   **Firearm**
> Taurus .44 caliber magnum pistol, s/n XG200752

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the property described, if, by any act or omission of the defendant, the property described

a.  cannot be located upon the exercise of due diligence;

*United States v. William Deel, Jr., et. al.*
Page 30 of 31

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other

property of said defendant(s) up to the value of the forfeitable property described above.

A TRUE BILL, this _____ *19th* ___ day of May, 2009.

_____
Grand Jury Foreperson

_____
JULIA C. DUDLEY
United States Attorney   by